UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO LAMAR GATHRITE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEATHER WILSON, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv1852-JAH (NLS)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [Doc. No. 14]** |

## INTRODUCTION

Plaintiff DeAngelo Lamar Gathrite ("Plaintiff"), a state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against officials at the Richard J. Donovan Correctional Facility, Dr. Heather Wilson and Officers J. Salinas and J. Trejo (collectively, "Defendants"). Doc. No. 1. Defendants filed a motion to dismiss Plaintiff's complaint. *See generally* Doc. No. 10. Plaintiff filed a response to Defendants' motion and Defendants filed a reply. Doc Nos. 12, 13. The case was referred to United States Magistrate Judge Nita L. Stormes for a Report and Recommendation ("Report") pursuant to 28 U.S.C. § 636(b)(1). Judge Stormes' Report recommends Defendants' motion to dismiss be denied in part and granted in part. Doc. No. 14. Plaintiff filed objections to the Report and Defendants filed a reply. Doc. Nos. 15, 16. After careful consideration of the entire record, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Judge Stormes' Report in its entirety.

# **BACKGROUND**[1]

Prior to the incident, Plaintiff filed several complaints through 7362 health care services request forms ("7362 forms") against Defendant Wilson, his clinician at the time, and requested a new clinician. Doc. No. 1 at 4. On March 27, 2019, Defendant Trejo handcuffed Plaintiff behind his back and placed him in a shower which strongly smelled of urine and feces. *Id.* at 1-5. Plaintiff alleges that when he asked why he was being placed in the shower, Defendant Trejo replied, "[y]ou pissed off Dr. Wilson with all these 7362 (sick slips) to her supervisor […], so she (Dr. Wilson) called my Sergeant ([Defendant] Salinas), and he ordered me to put you in handcuffs behind your back [and] put you in the shower until your clinician […] comes and tells us to let you go." *Id.* Plaintiff was also told he was in a "clinician's time out." *Id.* at 3. Plaintiff remained standing in the shower for four hours and eighteen minutes and was ignored by "everyone," as no one is allowed to associate with an inmate until they are released by their clinician. *Id.* Defendant Wilson never appeared and ultimately, Defendant Trejo released Plaintiff. *Id.*

On April 4, 2019, Plaintiff was taken to Defendant Wilson's office. *Id.* at 5. Defendant Wilson stated that she had read Plaintiff's complaint and proceeded to call him an exaggerator and a manipulator. (*Id.*) She told Plaintiff that his shoulder, for which he has taken pain medication and undergone physical therapy, did not look hurt. *Id.* Further, she declared that, because he knew how to advocate for himself, she would be kicking him out of the enhanced outpatient program, and, on May 13, 2019, the mental health staff terminated Plaintiff's mental healthcare and activities *Id.*

Plaintiff filed the instant action on September 26, 2019, and alleged that Defendants violated his First Amendment, Eighth Amendment, and Fourteenth Amendment rights. *See generally* Doc. No. 1. Defendants filed a motion to dismiss Plaintiff's First and Fourteenth Amendment claims for failure to state a claim. Doc. No. 10. Plaintiff filed a response to

---

[1] The underlying facts set forth in the report are adopted *in toto* and referenced as if fully set forth herein. The Court provides only a brief factual and procedural background.

Defendants' motion and Defendants filed a reply. Doc Nos. 12, 13. Judge Stormes filed a Report, on which Plaintiff filed objections and Defendants filed a reply. Doc. Nos. 14-16.

## LEGAL STANDARD

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the Court "shall make a *de novo* determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. As to the portions of the report to which no objection is made, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "de novo review of a R & R is only required when an objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

## DISCUSSION

Plaintiff alleges general objections to the Report regarding Judge Stormes' recommended dismissal of Plaintiff's First Amendment Freedom of Association claim and Fourteenth Amendment Due process claim.

**A.     First Amendment Freedom of Association**

Plaintiff alleges his freedom of association was violated because his right to associate freely was infringed upon as a result of his confinement in the shower. Judge Stormes found in the Report that Plaintiff has failed to demonstrate that his confinement impeded either his ability to maintain intimate relationships or associate for the purposes of engaging in expressive conduct. Doc. No. 14 at 5. Plaintiff filed objections to the Report, reiterating the underlying facts and allegations in the complaint. Doc. No. 15 at 2. Plaintiff also included additional facts to his claim and alleges that the confinement obstructed his ability to access or maintain relationships with his mental health group's facilitators and

3

medical staff because of his exclusion from phone usage, dayroom activities, yard activities, and the necessary means to challenge his sudden illegal confinement. *Id.* However, "[t]he focus of any Rule 12(b)(6) dismissal… is the complaint." *Schneider v. California Dept. of Corrections,* 151 F.3d 1194 n.1 (9th Cir. 1998). Plaintiff's allegations regarding his inability to access or maintain relationships with his mental health group and medical staff "are irrelevant for Rule 12(b)(6) purposes," because "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Id.* Without the additional facts and allegations, and relying solely on Plaintiff's complaint, Plaintiff has not sufficiently alleged a First Amendment Freedom of Association claim. Therefore, Plaintiff's objections are **OVERRULED**.

**B.     Fourteenth Amendment Due Process**

Plaintiff alleges his due process rights were violated when he was placed in a "clinician's time out," where he was handcuffed behind his back and forced to stand in a dirty showered until Defendant Wilson released him. Judge Stormes found in the Report that Plaintiff has not pled sufficient facts to maintain his claim as the Court is unable to properly assess the conditions of confinement without an accurate comparison of Plaintiff's confinement with the conditions imposed on other inmates in administrative segregation or protective custody. Doc. No. 14 at 7-8. Plaintiff filed objections to the Report, asserting that the comparison of conditions of confinement is not applicable based on the fact that Plaintiff was not in administrative segregation, protective custody, and was not aware of the conditions of confinement during the time of the incident. Doc. No. 15 at 3. Plaintiff further argues additional facts and provides exhibits in support of his denial and deprivation of access to privileges without due process. However, as stated above, Plaintiff's new allegations may not be considered in determining a Rule 12(b)(6) dismissal. *See Schneider,* 151 F.3d at 1197. Moreover, the Court declines to consider the exhibits at the 12(b)(6) stage and bases its analysis and conclusions solely on the allegations in the Complaint. *See Alexander v. Kujok,* 158 F. Supp. 3d 1012, 1022 (E.D. Cal. 2016) ("Matters extraneous to

the pleadings should not be considered in the context of a motion to dismiss under Rule 12(b)(6), which with exceptions not relevant here must depend on the allegations made within the four corners of the complaint."). Therefore, Plaintiff's objections are **OVERRULED**.

This Court's careful de novo review of the record reflects the magistrate judge presented a cogent analysis of Plaintiff's claims and, thus, finds the magistrate judge's findings and conclusion are not clearly erroneous. Accordingly, this Court **ADOPTS** the Report in full and **OVERRULES** Plaintiff's objections in its entirety.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Plaintiff's objections to the Magistrate Judge's report and recommendations are **OVERRULED.**
2. The Magistrate Judge's report and recommendation is **ADOPTED** in its entirety.
3. Plaintiff's First Amendment Freedom of Association claim is **DISMISSED WITH LEAVE TO AMEND.**
4. Plaintiff's Fourteenth Amendment Due Process claim is **DISMISSED WITH LEAVE TO AMEND**.
5. Plaintiff may file an amended Complaint no later than **November 6, 2020**.

**IT IS SO ORDERED.**

DATED: September 25, 2020

Hon. John A. Houston
United States District Judge