UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeAngelo Lamar Gathrite<br><br>                              Plaintiff,<br><br>v.<br><br>Heather Wilson, et al.<br><br>                              Defendants. | Case No.:  19cv1852-JAH (NLS)<br><br>**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |

## **INTRODUCTION**

Pending before the Court is a Report and Recommendation (the "Report" or "R&R") submitted to this Court by the Honorable Nina L. Stormes, United States Magistrate Judge, recommending that the Court grant in part and deny in part Defendants' motion to dismiss Plaintiff DeAngelo Lamar Gathrite's ("Plaintiff" or "Gathrite") First Amended Complaint. After careful consideration of the Report, pleadings, and relevant materials, and for the reasons set forth below, this Court **ADOPTS** Judge Stormes' Report and **GRANTS** Defendants' motion to dismiss Plaintiff's First Amendment freedom of association claims, retaliation claims against Defendant Salinas and Trejo, and Fourteenth Amendment procedural due process claim; but **DENIES** Defendants' motion to dismiss Plaintiff's First Amendment retaliation claim against Defendant Wilson, which will be allowed to proceed.

///

1

# **PROCEDURAL BACKGROUND[1]**

On September 26, 2019, Plaintiff DeAngelo Lamar Gathrite, proceeding *pro se*, filed an action against Dr. Heather Wilson and Officers J. Salinas and J. Trejo (collectively, "Defendants") for alleged violations of Plaintiff's civil rights.  (ECF No.  1).  Several months later, Defendants filed a motion to dismiss Plaintiff's First and Fourteenth Amendment claims for failure to state a claim, (ECF No. 10), Plaintiff filed his response in opposition to the motion (ECF No. 12), and Defendants replied to the opposition (ECF No. 13).  Judge Stormes issued a Report and Recommendation (the "August 5, 2020 Report") for an order granting in part and denying in part Defendants' motion to dismiss, dismissing Plaintiff's First Amendment Freedom of Association claim and Fourteenth Amendment due process claim with leave to amend, and allowing Plaintiff's First Amendment Retaliation claim to proceed.  (ECF No. 14 at 13).  Plaintiff filed an objection to the August 5, 2020 Report, (ECF No. 15), to which Defendants replied.  (ECF No. 16).  The Court subsequently adopted Judge Stormes' Report in full, overruling Plaintiff's objections.  (ECF No. 17).

On October 22, 2020, Plaintiff filed his First Amended Complaint.  (ECF No. 18).  Defendants filed a motion to dismiss the First Amended Complaint on December 21, 2020, and the motion was fully briefed by February 12, 2021.  (ECF Nos. 24, 26-27).  On July 14, 2021, Judge Stormes issued a Report granting in part and denying in part Defendants' motion to dismiss.  (ECF No. 28).  Plaintiff has objected to the Report, and Defendants have replied to the objection.  (ECF Nos. 29-30).

///

///

///

---

[1] After a review of the relevant filings, the Court adopts the factual background and recitation of the allegations set forth in the Report *in toto*, and references them as if fully set forth herein.  This Court provides only a brief procedural background.

**ANALYSIS**

### I.    Legal Standard

When reviewing a Magistrate Judge's report and recommendation, the "district court must make a *de novo* determination of those portions of the report . . . to which objection is made, and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate [judge]." *Love v. Scribner*, 691 F. Supp. 2d 1215, 1222 (S.D. Cal. 2010)[2] (citing 28 U.S.C. § 636(b)(1)).  Courts can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Charfauros v. Kernan*, 2018 WL 4275478, at *1 (S.D. Cal. Sept. 7, 2018) (citation omitted).

### II.    Discussion

As a threshold matter, Plaintiff's objection to the Report contains a request to amend his pleadings.  While the Court denies Plaintiff's request to the extent that he seeks to *retroactively* amend the operative complaint for purposes of the instant motion, to the extent that the Court dismisses any of Plaintiff's claims here, Plaintiff is given leave to file a subsequent amended complaint.

Plaintiff's First Amended Complaint raises a First Amendment freedom of association claim, a First Amendment retaliation claim,[3] and a Fourteenth Amendment procedural due process claim.  Judge Stormes concluded that Plaintiff's freedom of association claim and procedural due process claim should be dismissed with leave to amend, but recommended that Plaintiff be allowed to proceed with his retaliation claims.  Plaintiff objected to Judge Stormes' dismissal of his freedom of association and procedural due process claims.  The Court discusses each claim in turn below.

---

[2] aff'd sub nom. *Love v. Cate*, 449 F. App'x 570 (9th Cir. 2011).

[3] As noted by Judge Stormes, though Plaintiff did not create a separate section in his complaint for his retaliation claim, he alleges facts to suggest that there is a retaliation claim, and *pro se* pleadings are held to a "less stringent standard." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); (ECF No. 28 at 10, n.2).

19cv1852-JAH (NLS)

**A. Plaintiff's First Amendment Freedom of Association Claim**

Plaintiff alleges that his right to freedom of association was violated because his right to associate freely was infringed upon through the Clinician's Timeout, which deprived him of the ability to intimately associate with mental health group facilitators, medical staff, and self-help groups.  (ECF No. 18 at 3; ECF No. 28 at 5).  Judge Stormes concluded that Plaintiff's First Amendment claim fails because (1) Plaintiff "does not retain a right to generally converse with other inmates"; (2) "Plaintiff has not explained how his association with medical staff and other health groups or his dayroom activities and phone calls implicate any . . . protected activities", providing only "conclusory statement[s] that these activities are protected by the First Amendment"; and (3) that recognizing a "general right for Plaintiff to associate with whomever he chooses runs counter to the purpose of prison – confinement[.]" (ECF No. 28 at 5-6) (citations omitted).  Plaintiff filed objections to the Report, largely reiterating the underlying facts in the First Amended Complaint, along with some additional facts.  As to the additional alleged facts, as noted in this Court's prior adoption of the August 5, 2020 Report, "[t]he focus of any Rule 12(b)6() dismissal . . . is the complaint" and "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  *Schneider v. California Dept. of Corrections*, 151 F.3d 1194 n.1 (9th Cir. 1998).

Plaintiff argues as he did in his First Amended Complaint that the Physician's Timeout deprived him of "the right to attend mental health groups, self help groups, toilet access, phone, dayroom access, yard activities, lunch, food, [and] mental activities as a whole."  (ECF No. 29 at 2).  Plaintiff contends that the Physician's Timeout "is not a practice within the prison . . . and is not allowed in the CDC-R rules of regulations[.]" *Id.* Plaintiff further argues that the "Enhanced Outpatient Program ("E.O.P.") has protected activities for mentally ill patients to engage in, in order to earn time credits off [their] sentence", and also claims that "[i]ntimate and expressive relationships are allowed to E.O.P. patients to help cope with prison life[.]" *Id.* at 3.

4

1  Plaintiff's objections fail to address the basis for Judge Stormes' recommendation

2  and do not address or distinguish the cases cited and relied upon by Judge Stormes. *See,*

3  *e.g., City of Dallas v. Stanglin,* 490 U.S. 19, 25 (1989) ("[W]e do not think the Constitution

4  recognizes a generalized right of 'social association' that includes chance encounters in

5  dance halls"); *Hansen v. Nkwocha*, 2016 WL 2898507, at *2 (E.D. Cal. May 17, 2016)

6  (finding that an officer's instruction to plaintiff to not talk to another inmate during an

7  activity did not violate the plaintiff's freedom of association); *Overton v. Bazzetta,* 539

8  U.S. 126, 131 (2003) ("An inmate does not retain rights inconsistent with proper

9  incarceration.").

10  The Court accordingly finds that Plaintiff has failed to state a First Amendment

11  freedom of association claim against Defendants, and **ADOPTS** the Report's

12  recommendation to **DISMISS** the claim without prejudice and with leave to amend.

13  **B. Plaintiff's First Amendment Retaliation Claims**

14  Plaintiff next alleges that Defendants Salinas, Trejo, and Wilson improperly

15  retaliated against him in violation of his First Amendment rights.  The Report recommends

16  that the Court dismiss the claims against Defendant Salinas and Trejo with leave to amend

17  but deny the motion to dismiss the claim against Defendant Wilson.  (ECF No. 28 at 15).

18  As to Defendant Wilson, the Report concluded that Plaintiff "has pled sufficient facts to

19  establish a causal link" for purposes of his retaliation claim, and that Plaintiff has

20  appropriately alleged a chronology of events from which the Court can infer retaliation.

21  (ECF No. 28 at 13).  Because the Report's recommendation is well-reasoned, and because

22  Defendants have not filed an objection to the Report, the Court **ADOPTS** the Report's

23  recommendation as to the First Amendment Retaliation claim against Defendant Wilson.

24  As such, Plaintiff is allowed to proceed with his First Amendment claim against Defendant

25  Wilson.

26  As to Defendants Salinas and Trejo, the Report concluded that the First Amended

27  Complaint did not adequately allege that Defendants Salinas and Trejo were aware that

28  Plaintiff filed complaints against them or other prison staff, though it noted that the original

complaint contained the requisite allegations.  (ECF No. 28 at 13).  In his objection, Plaintiff alleges additional facts regarding the retaliation claims, but as discussed above, the Court looks only to the complaint for purposes of a 12(b)(6) motion.  *See Schneider*, 151 F.3d at n.1.  Additional allegations notwithstanding, the Court agrees with Judge Stormes: the First Amended Complaint does not adequately allege the required facts, though it appears the original complaint does.  As noted in the Report, an amended complaint "supercedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Luox v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, the Court **ADOPTS** the Report's recommendation as to Plaintiff's First Amendment retaliation claims against Defendants Salinas and Trejo.  Those claims are **DISMISSED** without prejudice and with leave to amend.

### C. Plaintiff's Fourteenth Amendment Due Process Claim

Plaintiff alleges that the imposition of the "Clinician's Timeout" violated his Fourteenth Amendment Due Process rights.  The Report concluded that Plaintiff failed to state a Fourteenth Amendment procedural due process claim because Plaintiff has failed to adequately allege a liberty or property interest as required by *Sandin v. Conner*, U.S. 472, 483-484 (1995).  While state regulations may create a liberty interest in avoiding restrictive conditions of confinement where those conditions create "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life", Judge Stormes reasoned that, based on a review of the relevant guideposts[4] as applied to the facts, Plaintiff's alleged

---

[4] Courts consider the following guideposts in determining whether prison conditions rise to the level of an atypical and significant hardship:

> 1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

6

conditions do not create the requisite liberty interest.  (ECF No. 28 at 7) (quoted cases omitted).

In his objection, Plaintiff argues that the Clinician's Timeout "does not mirror any condition imposed upon inmates or patients in administrative segregation, protective custody or confinement, and does not comport with the prison's discretionary authority; that the duration and degree of the restraints imposed "will invariably and has affected the duration of Plaintiff's prison sentence"; and that Plaintiff's prison sentence is now being served while suffering chronic pain.  (ECF No. 29 at 3).  However, these statements, some of which are conclusory in nature, do not sufficiently allege facts giving rise to the requisite liberty interest.  Moreover, Plaintiff provides no method for distinguishing the analogous cases cited by Judge Stormes in deciding that Plaintiff's circumstances did not give rise to the requisite liberty interest.  Accordingly, the Court agrees with and **ADOPTS** the Report's recommendation as to Plaintiff's Fourteenth Amendment procedural due process claim and **DISMISSES** the claim with leave to amend.

///

///

///

///

///

///

///

///

///

///

///

---

*Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Sandin*, 515 U.S. at 486-87).

7

1    IT IS HEREBY ODRERED, the Report is **ADOPTED** in full, and accordingly:

2        1. Plaintiff's First Amendment freedom of association claim is **DISMISSED** with

3           leave to amend;

4        2. Plaintiff's First Amendment retaliation claims against Defendant Salinas and

5           Trejo are **DISMISSED** with leave to amend;

6        3. Plaintiff's First Amendment retaliation claim against Defendant Wilson is

7           **PERMITTED** to proceed; and

8        4. Plaintiff's Fourteenth Amendment procedural due process claim is **DISMISSED**

9           with leave to amend.

10       Any future amended complaint should be complete in itself and without reference to

11   prior complaints.

12

13

14   **IT IS SO ORDERED**.

15

16   DATED: August 29, 2022

17                                         HON. JOHN A. HOUSTON
                                           United States District Judge
18

19

20

21

22

23

24

25

26

27

28

8