UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANGELO LAMAR GATHRITE<br><br>Plaintiff,<br><br>v.<br><br>HEATHER WILSON, ET AL.,<br><br>Defendants. | Case No.: 3:19-cv-01852-JAH-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 37]** |

DeAngelo Lamar Gathrite ("Plaintiff"), a California prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 against officials at the Richard J. Donovan Correctional Facility, Dr. Heather Wilson and Officers J. Salinas and J. Trejo (collectively, "Defendants"). ECF No.1. Before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 37. Plaintiff filed an opposition, and Defendants filed a reply. ECF Nos. 39, 40. For the reasons below, the Court **RECOMMENDS** that Defendants' motion be **GRANTED**.

## I. BACKGROUND

Plaintiff filed his original complaint on September 26, 2019. ECF No. 1. Plaintiff was granted *in forma pauperis* ("IFP") status. ECF No. 5. Plaintiff's factual allegations

center around an incident where he claims that Defendants impermissibly confined him in a shower which strongly smelled of urine and feces for over four hours without cause.

Defendants filed an initial motion to dismiss, which the Court granted in part and denied in part. ECF Nos. 10, 14, 17. On October 22, 2020, Plaintiff filed an amended complaint. ECF No. 18. This amended complaint included several claims: 1) a violation of the Eighth Amendment's prohibition on Cruel and Unusual Punishment due to his confinement in the shower, 2) a violation of his First Amendment Freedom of Association right due to the deprivation of his ability to associate with other inmates during his confinement, 3) a violation of the Fourteenth Amendment Due Process Clause because he was confined without adequate process, and 4) a violation of the First Amendment prohibition on Retaliation by confining him because of his complaints against Defendant Wilson. ECF No. 18.

On December 21, 2020, Defendants filed another motion to dismiss, moving to dismiss Plaintiff's claims for freedom of association, due process violation, and retaliation. ECF No. 24. On August 29, 2022, the Court granted in part and denied in part the second motion to dismiss. ECF No. 32. The Court dismissed with leave to amend Plaintiff's First Amendment freedom of association claim, First Amendment retaliation claim against Defendants Salinas and Trejo, and Fourteenth Amendment procedural due process claim. *Id.* at 8. The Court permitted Plaintiff to proceed with his retaliation claim against Defendant Wilson. *Id.*

Subsequently, Plaintiff failed to file an amended complaint. Defendants filed an answer. ECF No. 36. Concurrently, Defendants filed the instant Motion for Judgment on the Pleadings. ECF No. 37.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed but within such time as not to delay trial," a party may move for judgment on the pleadings. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved. Fed. R. Civ. P.

12(c); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). When deciding a 12(c) motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.* All allegations must be treated in the light most favorable to the non-moving party. *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006).

### III. DISCUSSION

Defendants move to dismiss only the official capacity claims against them. ECF No. 37. Defendants argue that such claims must be dismissed against them because Plaintiff seek only monetary damages and principles of sovereign immunity bar these claims. *Id.* at 2-3.

As a preliminary matter, the Court notes that the pleadings are closed at this time. In its order granting in part Defendants' motion to dismiss, the Court set a deadline for when Plaintiff may file an amended complaint. ECF No. 32. The Court subsequently extended the deadline (ECF No. 35), but Plaintiff failed to file an amended complaint by that deadline. Defendants then filed this motion and answered the remainder of the complaint that survived the motion to dismiss. ECF No. 36. Thus, consideration of a motion for judgment on the pleadings is appropriate at this time.

"[T]he eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages, rather than prospective, *e.g.*, an injunction." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988). The Eleventh Amendment does not bar actions against state officers in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992).

Here, Defendants only seek to have the Court enter judgment for Defendants on Plaintiff's official capacity claims against them. In the operative complaint in this case (ECF No. 18), Plaintiff only seeks monetary damages and does not specify any injunctive

relief that he is seeking. ECF No. 18 at 12. Further, in Plaintiff's opposition to this motion, he states again that he "claims of monetary damages in the total sum of $1,418,000.00." ECF No. 39 at 3. The law is clear that the Eleventh Amendment bars official capacity claims where damages are sought.

Accordingly, it is **RECOMMENDED** that Plaintiff's motion for judgment on the pleadings be **GRANTED** as to the claims against Defendants in their official capacities.

### IV.    CONCLUSION

As outlined herein, the undersigned recommends Defendants' motion for judgment on the pleadings be **GRANTED**. This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **April 12, 2023**, any party to this action may file written objections and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed and served on all parties no later than **April 26, 2023**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated:  March 29, 2023

*Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge